## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

|  |  |  |
|---|---|---|
| DORA L. ADKINS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:16-cv-00031 |
| | ) | |
| | ) | |
| WHOLE FOODS MARKET GROUP, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### MEMORANDUM OPINION

THIS MATTER comes before the Court on Defendant's Motion to Dismiss the Amended Complaint.

Plaintiff alleges that she purchased a "Bragg Apple Cider Vinegar Drink with the Grape Concord flavor" and duck wraps from a "duck wrap station" at Defendant's Fair Lakes, Virginia store on September 19, 2015. Before making the duck wraps she ordered, Plaintiff alleges she saw the manager put on a different pair of plastic gloves which allegedly contained contaminant. Plaintiff then contends that she felt a sudden pain in her right side upon returning to her vehicle. Plaintiff alleges returning home and going to bed at 8:30 p.m. that same day, and waking at 7:30 a.m. the following morning, only to fall "back onto the bed in an unconscious state (known after the fact)." Plaintiff claims that

after 13-1/2 hours of sleep, she awoke drenched in sweat and vomited. She asserts that she "fell ill from symptoms of food poisoning," then "died and relived through a *Devine* [sic] *Intervention* on September 20, 2015." Following her alleged death and resurrection, she consumed two bowls of grits with onions and cheese, four slices of watermelon, and four bottles of water, and then informed three employees at the Hilton Garden Inn where she was staying because "it was the ONLY proof the food poisoning and death occurred to the Plaintiff."

In a separate incident on October 10, 2015, Plaintiff alleges that she attempted to purchase the "Renew Life Candigo Cleanse that was suggested by an employee for the food poisoning she had experience [sic] on September 19, 2015" from the Whole Foods in Old Town Alexandria. Frustrated that the product was out of stock, Plaintiff allegedly drove to the Arlington Whole Foods and purchased the cleanse at that location. She demanded that the three $20.00 bills she used to pay for the product be marked with a counterfeit marker in front of her. She further claimed that she was "allegedly being set up to become accused of providing counterfeit bills to the Whole Foods Market located in Arlington, VA." After taking the cleanse, Plaintiff claims that it "may have been contaminated" because the first two capsules taken allegedly enlarged her throat for approximately 12 hours.

2

In a third incident on October 27 or 28, 2015, Plaintiff alleges being victim to extreme embarrassment when she attempted to return the Whole Body Products to the Whole Foods Market located in Tysons Corner, Virginia without a receipt. She claims that the employees "treated and/or implied" that Plaintiff stole the products because she did not have a receipt. Plaintiff allegedly left the store in tears, only to return the following day with receipts proving she purchased the items she was trying to return for store credit.

Plaintiff filed this lawsuit on December 1, 2015, in the Circuit Court for Fairfax County, Virginia alleging 1) civil conspiracy; 2) intentional infliction of emotional distress; and 3) gross negligence, and requested damages in the amount of $803,000,000.00. Defendant timely removed the Fairfax County suit to this Court on January 11, 2016. Defendant brought an initial Motion to Dismiss the Original Complaint, but Plaintiff filed an Amended Complaint shortly thereafter adding a breach of contract claim. Defendant then filed the instant Motion to Dismiss the Amended Complaint.

Federal Rule of Civil Procedure 8(a) requires a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). This rule marks a "notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not

unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). To survive a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual allegations, taken as true, "to raise a right to relief above the speculative level" and "nudg[e] [the] claims across the line from conceivable to plausible." Vitol, S.A. v. Primerose Shipping Co., 708 F.3d 527, 543 (4th Cir. 2013) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007)). The plausibility requirement mandates that there be more than a "mere possibility" of the defendant's unlawful acts. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 556 U.S. at 678). A complaint must contain something other than "naked assertions" and "unadorned conclusory allegations" to state a claim. Francis, 588 F.3d at 193 (quoting Iqbal 556 U.S. at 678 and Twombly, 550 U.S. at 557).

Although federal courts hold *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers," Jones v. HCA, 16 F. Supp. 3d 622, 628 (E.D. Va. 2014) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)), this does not excuse "a clear failure in the pleading to allege a federally cognizable claim." Boykin v. Virginia, 2015 WL 5020896, *4 (citing Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir.

1990)). "The liberal construction which [courts] are obliged to afford to a pro se complaint is not without bounds ... [T]he principal of liberal construction does not require [district judges] to 'conjure up questions never presented to them ... [or to] construct full-blown claims from sentence fragments.'" Stratton v. Mecklenburg Cty. Dep't of Soc. Servs., 521 F. App'x 278, 290-91 (4th Cir. 2013) (quoting Beaudett v. City of Hampton, 775 F.2d 1274, 1277-78 (4th Cir. 1985)).

To plead a viable claim for civil conspiracy under Virginia law, a plaintiff must allege sufficient facts to show (1) an agreement between two or more persons (2) to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means, which (3) results in damage to the plaintiff. Firestone v. Wiley, 485 F. Supp. 2d 694, 703 (E.D. Va. 2007); see also Bay Tobacco, LLC v. Bell Quality Tobacco Prods., LLC, 261 F. Supp. 2d 483, 499-500 (E.D. Va. 2003) ("a conspiracy claim asserted in mere conclusory language is based on inferences that are not fairly or justly drawn from the facts alleged").

Plaintiff alleges there was a scheme to provide her with contaminated duck wraps and Whole Body products, to accuse her of passing counterfeit money, and to accuse her of stealing Whole Body Products. More specifically, Plaintiff states that Whole Foods "denied any other food poisoning incidents; any other customers problems with swallowing capsules from Renew

5

Life Candigo Cleanse provided for purchase in the Whole Body section of its store; and any reports of counterfeit money received, which was not the issue reported." She alleges this conspiracy was between two or more employees of various Whole Foods stores in the Northern Virginia area.

Plaintiff's Amended Complaint fails to allege facts sufficient to raise a plausible inference that two or more employees schemed to provide her with contaminated products, to accuse her of passing counterfeit money, or to accuse her of theft. Plaintiff's allegations are merely conclusory and do not give rise to a viable claim for civil conspiracy. Secondly, even if Plaintiff plausibly pled the existence of an agreement, her claim would still fail because a corporation cannot be liable for civil conspiracy based on an agreement between two or more of its own employees. See Bowman v. State Bank of Keysville, 331 S.E.2d 797, 801 (Va. 1985) ("of course, there must be two persons to comprise a conspiracy, and a corporation, like an individual, cannot conspire with itself."); see also Griffith v. Electrolux Corp., 454 F. Supp. 29, 32 (E.D. Va. 1978) (civil conspiracy claim is a "legal impossibility" where alleged co-conspirators were all agents, officers, or employees of defendant corporation acting within the scope of their employment).

Plaintiff claims that two managers falsely "implied" that she stole products by "announcing loudly" which products could be returned without a receipt. Plaintiff's description of this incident is void of any facts suggesting that Whole Foods was accusing her (or plotting to accuse her) of passing counterfeit money or of theft. Plaintiff's Amended Complaint fails to state a civil conspiracy claim.

To state a claim for intentional infliction of emotional distress ("IIED") in Virginia, the plaintiff must show that: "(1) the wrongdoer's conduct was intentional or reckless; (2) that his conduct was outrageous and intolerable, offending the generally accepted standards of decency and morality; (3) that there is a causal connection between the conduct and the emotional distress; and (4) that the resulting emotional distress was severe." Ortiz v. Panera Bread Co., 2011 WL 3353432, *6 (E.D. Va. 2011) (citing Womack v. Eldridge, 210 S.E.2d 145, 148 (Va. 1974)). The conduct at issue must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Harris v. Kreutzer, 624 S.E.2d 24, 33-34 (Va. 2006) (quoting Russo v. White, 400 S.E.2d 160, 162 (Va. 1991)). This element "cannot be satisfied by [merely] alleging that the defendant's behavior was tortious, or even criminal." Ortiz, 2011 WL

3353432, at *6. "[T]he tort of intentional infliction of emotional distress is 'not favored' in the law, because there are inherent problems in proving a claim alleging injury to the mind or emotions in the absence of accompanying physical injury." Supervalu, Inc. v. Johnson, 666 S.E.2d 335, 343 (Va. 2008).

Plaintiff's IIED claim arises out of the same incident where Whole Foods employees allegedly "implied" that she stole products by "announcing loudly" which products could be returned without a receipt. She claimed the Defendant's conduct was "extreme and outrageous" because she is a regular customer at the Tysons Corner store, and that they caused:

> "Emotional Distress when the Plaintiff was too embarrassed and too upset to go back inside of the Whole Foods Market because the employee's actions towards the Plaintiff were announced loudly and rudely as other customers in line at Customer Service could hear the accusation of the implied thief before the containers were closely examined and determined that the Whole Body products were not new containers, but containers of Whole Body products partially used or used more than 50%; which was the role of the employee

in Customer Service accepting the return for the Plaintiff."

Plaintiff's claim that the above described alleged conduct caused her to leave the store in tears is insufficient to meet the pleading standards of Iqbal and Twombly. Plaintiff does not purport to have suffered any physical injury, nor did she seek any medical attention. The alleged conduct, if true, does not meet the "extreme and outrageous" conduct standards set by the case law. Further, these conclusory allegations fall well short of what is necessary to support an IIED claim in Virginia. Plaintiff's Amended Complaint fails to state an IIED claim.

In Virginia, gross negligence is defined as "that degree of negligence which shows an utter disregard of prudence amounting to complete neglect of the safety of another. It is a heedless and palpable violation of legal duty respecting the rights of others." Reid v. Newton, 2014 WL 1493569, *7 (E.D. Va. 2014) (quoting City of Lynchburg v. Brown, 613 S.E.2d 407, 410 (Va. 2005)). Gross negligence requires "an unusual and marked departure" from the routine performance of [business] activities. Cowan v. Hospice Support Care, Inc., 603 S.E.2d 916, 919 (Va. 2004). To state a claim for gross negligence, a Virginia plaintiff must plead the regular elements of negligence (duty, breach of that duty, and damages), but must also

9

plausibly allege that the defendant's conduct constitutes "want of even scant care" and amounts to "the absence of slight diligence." Reid, 2014 WL 1493569 at *7. A gross negligence claim fails as a matter of law where there is no plausible allegation of deliberate conduct by the defendant. Id.

Plaintiff's claim of gross negligence pertains to the alleged conduct that Defendant "intentionally" contaminated products and "targeted its customers for food poisoning." Plaintiff claims that Defendant "disregarded" its "legal duty to employ employees who would never engage in actions of conspiracy against customers to cause injury." These allegations are merely conclusory, and Plaintiff does not provide any facts to support her claims of gross negligence. Further, the possibility that Plaintiff was the only person who reported an illness to Whole Foods does not raise an inference that she was the subject of any intentional, deliberate, or grossly negligent misconduct. Plaintiff's Amended Complaint fails to state a gross negligence claim.

The essential elements of a cause of action for breach of contract are: (1) a legal obligation of a defendant to a plaintiff; (2) a violation or breach of that obligation; and (3) a consequential injury or damage to the plaintiff." Hamlet v. Hayes, 641 S.E2d 115, 117 (Va. 2007). "To claim a breach of contract, the [p]laintiff must first establish that there was a

10

valid contract to be breached." <u>Sykes v. Brady-Bushey Ford,</u>
<u>Inc.</u>, 69 Va. Cir. 219, 226 (2005).

Plaintiff alleges that "[t]he Cause of Action is a Breach
of Contract caused by the underlying tort of Gross Negligence
for the intentionally causing the Plaintiff to become food
poisoned." In the same way Plaintiff fails to properly plead her
claim for gross negligence, she presents no factual allegations
that, if true, might raise a plausible inference that any Whole
Foods employee intentionally sold her contaminated products in
order to "target and intentionally harm" her, or engage in a
"conspiracy" with certain hotels where she had stayed. These
conclusory allegations are simply insufficient. Plaintiff's
Amended Complaint fails to state a breach of contract claim.

Defense counsel seeks an injunction prohibiting this
Plaintiff from filing further lawsuits without leave of Court.
However, it appears that this Plaintiff has filed only one
lawsuit against this Defendant in this Court. Accordingly, the
Defendant's Motion for a Preliminary Injunction should be
denied.

For the foregoing reasons, Defendants' Motion to Dismiss
the Amended Complaint should be granted.

An appropriate order shall issue.

CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
April 5 , 2016